# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# STATESBORO DIVISION

DERRICK WAYNE WALKER, JR,    )
                                         )

       Petitioner,                )
                                         )

v.                             )
                                       )    Case No. CV615-129

G.D.C. OFFENDER          )
ADMINISTRATION, *et al.*,    )
                                       )

       Respondents.            )

## ORDER

Derrick Wayne Walker, Jr.[1] has filed a "Petition of Truth, Facts and Relief" on a home-brewed filing (*i.e.*, not a court-issued 28 U.S.C. § 2254 form petition or 42 U.S.C. § 1983 form complaint). Doc. 1. Incarcerated at Smith State Prison (*see* attached Georgia Department of Corrections rap sheet), he unmistakably challenges his conviction by invoking things like "The Foreign Services Immunities Act of 1976," a "1959 Executive Order," and international treaties. *Id.* at 5, 6.

---

[1]  Walker filed this case using the name "Derrick Walker" and the docket caption so reflects that. However, there are multiple Derrick Walkers in the Georgia prison system and *two* before this Court, so the Court has amended the caption to reflect his full name as reflected on the attached GA DOC rap sheet. The Clerk is **DIRECTED** to amend the docket caption accordingly, and all subsequent filings shall conform.

Normally the Court would send him a § 2254 form petition and *Castro*

warning,[2] then remind that it does not tolerate "Trojan Horse" filings.[3]

However, he unquestionably challenges a DeKalb County, Georgia

---

[2]  Since the Court is not acting on his present filing, no *"Castro"* warning is required. *See Castro v. United States,* 540 U.S. 375, 382–83 (2003) (court that wishes to recharacterize *pro se* litigant's pleading as first 28 U.S.C. § 2255 motion must (1) notify litigant of court's intent, (2) warn litigant that recharacterization means that subsequent § 2255 motion will be subject to restrictions on "second or successive" motions, and (3) give litigant opportunity to withdraw motion or to amend it to include all § 2255 claims). *Castro* applies to § 2254 petitions and to any filing that in substance is a § 2254 petition -- *if* reached on the merits. *Compare Smith v. Hobbs*, 490 F. App'x 833, 833 (8th Cir. 2012) (state prisoner was entitled to proper notice, warnings, and opportunity to withdraw his pleadings before his *pro se* § 1983 action challenging his sentence was recharacterized as habeas petition); *with Jones v. O'Neal*, 2012 WL 6084650 at * 1 (S.D. Ga. Dec. 6, 2012) (no *Castro* warning needed since petitioner had failed to exhaust state remedies, thus warranting dismissal without prejudice); cited in *Alexander v. Georgia*, 2015 WL 2255130 at * 1 n. 1 (S.D. Ga. May 15, 2015) (no *Castro* warning needed "because the Court would not be reaching his petition on the merits, only on procedural grounds.").

[3]  As it recently explained:

> [T]he Court rejects any attempt by an inmate to advance a habeas claim using a "Trojan Horse" cover claim under § 1983 or, as is evident here, a facially absurd claim premised on a statute arbitrarily plucked out of the federal code. *See Miller v. Williams*, 2011 WL 1898921 at * 1 (S.D. Ga. May 17, 2011) (advising dismissal of a "successive 28 U.S.C. § 2254 petition masquerading as an "Application for Leave for an Executive Clemency Hearing"); *see also id.* at * 2 (sanctioning abusive habeas filer, and citing, *inter alia, Alexander v. United States*, 121 F.3d 312, 315-16 (7th Cir. 1997) (imposing, *inter alia*, a $500 sanction on a pro se inmate raising frivolous arguments in support of a third successive 28 U.S.C. § 2255 motion, and instituting "paper-less review" of any future collateral attack filings)), *adopted*, 2011 WL 2181628 (S.D. Ga. Jun. 2, 2011); *Capers v. Missouri*, 2011 WL 2600560 at * 2 (S.D. Ga. June 10, 2011) (dismissing a successive habeas petition where the petitioner "deceitfully advanced" it "via [a] lie of omission").

*Williams v. Freeseman*, CV415-265, doc. 4 (S.D. Ga. Oct. 15, 2015).

conviction, and that county is within the Northern District of Georgia, 28 U.S.C. § 90(b)(1).   Federal law allows his petition to be filed in the district within which he was convicted or in the district within which he is confined.   28 U.S.C. § 2241(d); *Wright v. Indiana*, 263 F. App'x 794, 795 (11th Cir. 2008).   But even though this Court and the Northern District concurrently have jurisdiction to hear this case, it is longstanding judicial policy and practice to funnel such petitions into the conviction district, since that will be the most convenient forum. *Mitchell v. Henderson*, 432 F.2d 435, 436 (5th Cir. 1970); *see Wright*, 263 F. App'x at 795.   That also fosters an equitable distribution of habeas cases between the districts.

The Court therefore concludes that this case should be transferred to the Northern District of Georgia.   Hence, it **DIRECTS** the Clerk to transfer this case to that district for all further proceedings. *See* 28 U.S.C. § 1404(a) (permitting a district court to transfer any civil action to another district or division where it may have been brought for the convenience of parties and witnesses and in the interest of justice); *Rufus v. Kemp*, 2013 WL 2659983 at * 1 (S.D. Ga. June 12, 2013).

3

**SO ORDERED** this _12ᵀʰ_ day of November, 2015.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

Official Portal for the State of Georgia
Georgia Governor Nathan Deal

# Georgia Department of Corrections

• Find an Offender
• Find a Facility
• Send Money
Home
About GDC▽
Divisions▽
Offender Information▽
Community Services▽
News▽
Reports▽
GDC Jobs
GA Sex Offender Registry

⬡ SHARE ☐ ⬛⬛⬛ …   ★ Translate Search: [          ] 🔍

TEXT

## Find an Offender

**Click here to start over** | **Return to previous screen**

The following represents the most recent information for this offender in our website database. However, this information is not delivered in "real time", and there may have been recent changes that are not displayed below. If you have questions, or find the below information incorrect, please contact/email us by clicking this link. Once you click the link, please select the category *'Information about a specific Offender/Transfers/County Jail Pick-up'*

**WALKER, DERRICK WAYNE JR**
**GDC ID: 0000803935**



**PHYSICAL DESCRIPTION**

| | |
|---|---|
| **YOB:** | 1978 |
| **RACE:** | BLACK |
| **GENDER:** | MALE |
| **HEIGHT:** | 5'10" |
| **WEIGHT:** | 160 |
| **EYE COLOR:** | BROWN |
| **HAIR COLOR:** | BLACK |

**SCARS, MARKS, TATTOOS**

**INCARCERATION DETAILS**

| | |
|---|---|
| **MAJOR OFFENSE:** | VOLUNTARY MANSLAUGHTER |
| **MOST RECENT INSTITUTION:** | SMITH STATE PRISON |
| **MAX POSSIBLE RELEASE DATE:** | 01/31/2027 Important Release Information |
| | For parole information please go to Georgia State Board of Pardons and |

Paroles website.

| | |
|---|---|
| **ACTUAL RELEASE DATE:** | CURRENTLY SERVING |
| **CURRENT STATUS:** | ACTIVE |

**KNOWN ALIASES**

| | |
|---|---|
| **A.K.A.** | WALKER,DERRICK |
| **A.K.A.** | WALKER,DERRICK D |
| **A.K.A.** | WALKER,DERRICK WAYNE |

**STATE OF GEORGIA - CURRENT SENTENCES**

**CASE NO: 649427**

| | |
|---|---|
| **OFFENSE:** | VOLUNTARY MANSLAUGHTER |
| **CONVICTION COUNTY:** | DEKALB COUNTY |
| **CRIME COMMIT DATE:** | 02/01/2007 |
| **SENTENCE LENGTH:** | 20 YEARS, 0 MONTHS, 0 DAYS |

**STATE OF GEORGIA - PRIOR SENTENCES**

**CASE NO: 521804**

| | |
|---|---|
| **OFFENSE:** | CRMNL DAMAGE 2ND DEGREE |
| **CONVICTION COUNTY:** | DEKALB COUNTY |
| **CRIME COMMIT DATE:** | 01/28/2003 |
| **SENTENCE LENGTH:** | 2 YEARS, 0 MONTHS, 0 DAYS |

**CASE NO: 521804**

| | |
|---|---|
| **OFFENSE:** | POSS FIREARM CONVCT FELON |
| **CONVICTION COUNTY:** | DEKALB COUNTY |
| **CRIME COMMIT DATE:** | 01/15/2000 |
| **SENTENCE LENGTH:** | 2 YEARS, 0 MONTHS, 0 DAYS |

**CASE NO: 334494**

| | |
|---|---|
| **OFFENSE:** | ARMED ROBBERY |
| **CONVICTION COUNTY:** | DEKALB COUNTY |
| **CRIME COMMIT DATE:** | 03/12/1994 |
| **SENTENCE LENGTH:** | 5 YEARS, 0 MONTHS, 0 DAYS |

**STATE OF GEORGIA - INCARCERATION HISTORY**

| INCARCERATION BEGIN | INCARCERATION END |
|---|---|
| 02/06/2008 | ACTIVE |
| 07/22/2003 | 07/06/2004 |

Case 1:15-cv-03940-MHC   Document 3   Filed 11/12/15   Page 7 of 7

**INCARCERATION BEGIN INCARCERATION END**

12/11/1995                03/25/1999

Site Map
Privacy
Links
Contact Us
Help